ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CRIM. 320

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :     **SEALED INDICTMENT**

       - v. -                     :     08 Cr.

VICTOR ESTUPINAN-JAMARILLO,       :

       Defendant.                :

- - - - - - - - - - - - - - - - x

JUDGE KEENAN

### COUNT ONE

The Grand Jury charges:

1. From in or about 2005 through on or about February 26, 2008, in the Southern District of New York and elsewhere, VICTOR ESTUPINAN-JAMARILLO, the defendant, together with others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that VICTOR ESTUPINAN-JAMARILLO, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-10-08

OVERT ACTS

3.  In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York, and elsewhere:

   a.  On or about February 16, 2008, VICTOR - JARAMILLO, the defendant, sent an email to a co-conspirator not charged herein regarding the laundering of narcotics proceeds.

   b.  On or about February 26, 2008, VICTOR ESTUPINAN-JARAMILLO, the defendant, spoke over the telephone with a co-conspirator not charged herein, who was located, in New York, New York.

(Title 21, United States Code, Section 846.)

**COUNT TWO**

The Grand Jury further charges:

4.  From in or about 2005 through on or about February 26, 2008, in the Southern District of New York and elsewhere, VICTOR ESTUPINAN-JAMARILLO, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Section 1956(a)(1)(B)(i) of Title 18, United States Code.

5.  It was a part and an object of the conspiracy that VICTOR ESTUPINAN-JAMARILLO, the defendant, and others known and

unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, the transfer of tens of thousands of dollars in cash, represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## OVERT ACTS

6.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York, and elsewhere:

    a.    On or about February 16, 2008, VICTOR ESTUPINAN-JARAMILLO, the defendant, sent an email to a co-conspirator not charged herein regarding the laundering of narcotics proceeds.

    b.    On or about February 26, 2008, VICTOR ESTUPINAN-JARAMILLO, the defendant, spoke over the telephone with

a co-conspirator not charged herein, who was located, in New York, New York.

(Title 18, United States Code, Section 1956(h).)

### FORFEITURE ALLEGATION AS TO COUNT ONE

7. As a result of committing the controlled substance offense alleged in Count One of this Indictment, VICTOR ESTUPINAN-JAMARILLO, the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds said defendant obtained directly or indirectly as a result of said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to:

   a. A sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offense alleged in Count One of this Indictment.

### Substitute Asset Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (1) cannot be located upon the exercise of due diligence;

   (2) has been transferred or sold to, or deposited with, a third person;

   (3) has been placed beyond the jurisdiction of the Court;

4

   (4) has been substantially diminished in value; or

   (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

 (Title 21, United States Code, Sections 846 and 853.)

## FORFEITURE ALLEGATION AS TO COUNT TWO

 9. As a result of committing the money laundering offense alleged in Count Two of this Indictment, VICTOR ESTUPINAN-JAMARILLO, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to the following:

  a. A sum in United States currency representing the amount of all property that was involved in the money laundering offense or is traceable to such property.

 10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (1) cannot be located upon the exercise of due diligence;

   (2) has been transferred or sold to, or deposited with, a third person;

    (2)    has been transferred or sold to, or deposited with, a third person;

    (3)    has been placed beyond the jurisdiction of the Court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1956.)

_____
*[signature]*
Foreperson

_____
MICHAEL J. GARCIA
United States Attorney

6

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

**VICTOR ESTUPINAN-JAMARILLO**

Defendant.

**SEALED INDICTMENT**

08 Cr.

(18 U.S.C. § 1956; 21 U.S.C. § 846.)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

Foreperson.