UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
UNITED STATES OF AMERICA            :
                                    :
          -against-                 :        **OPINION & ORDER**
                                    :        08 Cr. 320 (JFK)
VICTOR ESTUPINAN-JAMARILLO,         :
                                    :
                 Defendant.         :
------------------------------- X

**JOHN F. KEENAN, United States District Judge:**

Defendant Victor Estupinan-Jamarillo is charged with
conspiring to distribute, and possess with intent to
distribute, one or more kilograms of heroin in violation of
21 U.S.C. § 846 (Count One), and conspiring to commit money
laundering in violation of 18 U.S.C. § 1956(h) (Count Two).
Defendant moves to suppress his identification by photo
array and requests an evidentiary hearing regarding the
identification procedure.  For the reasons that follow, the
motion is denied in its entirety.

## I.  BACKGROUND

At trial, the Government hopes to prove the following
facts:  In mid-February 2008, Defendant, who was then
located in Colombia, recruited Michael Patino ("Patino") to
receive approximately two kilograms of heroin in Miami and
transport it to New York City.  On or about February 24,
2008, Patino received the heroin, which was packed into
shampoo bottles, and brought it to New York City.  Patino

arranged to sell the drugs in Manhattan to an individual who turned out to be a confidential informant for Immigration and Customs Enforcement. On or about February 25, 2008, Patino was arrested. The following day, he reviewed a photo array that included a photo of Defendant, whom he had known personally since childhood and whom he positively identified as the person who recruited him into the conspiracy. The array contained six photographs of Hispanic males who appear to be in their twenties or thirties. (See Decl. of Adam Perlmutter Ex. A.[1])

## II. DISCUSSION

Courts subject pretrial identifications to a one- or two-step inquiry. "The first question is whether the pretrial identification procedures were unduly suggestive of the suspect's guilt." United States v. Maldonado-Rivera, 922 F.2d 934, 973 (2d Cir. 1990). If not, the identification is "generally admissible without further inquiry into the reliability of the pretrial identification." Id.; accord Jarrett v. Headley, 802 F.2d

---

[1] The Court received this declaration via fax on September 9, 2009. The picture quality of the photo array attached as Exhibit A was quite poor. Consequently, the Court asked Defendant's counsel to mail a hard copy of the photo array, which the Court received on September 14, 2009. The picture quality of this version was substantially better – this is the version the Court relied on in reaching its ruling here.

34, 42 (2d Cir. 1986).  "If the pretrial procedures were unduly suggestive, the analysis requires a second step; the court must then weigh the suggestiveness of the pretrial process against factors suggesting that an in-court identification may be independently reliable rather than the product of the earlier suggestive procedures." Maldonado-Rivera, 922 F.2d at 973 (listing various reliability factors to consider).

In assessing whether a photo array is impermissibly suggestive, "the principal question is whether the picture of the accused, matching descriptions given by the witness, so stood out from all of the other photographs as to 'suggest to an identifying witness that [that person] was more likely to be the culprit.'" Jarrett, 802 F.2d at 41 (quoting United States v. Archibald, 734 F.2d 938, 940 (2d Cir. 1984)).  Courts also consider whether the number of photos used was suggestive. See, e.g., United States v. Bennett, 409 F.2d 888, 899 (2d Cir. 1969) (finding that an array of six photos was not impermissibly suggestive). There is no requirement "that all of the photographs in the array be uniform with respect to a given characteristic." Jarrett, 802 F.2d 34, 41 (2d Cir. 1986); accord United States v. Bubar, 567 F.2d 192, 199 (2d Cir. 1977) ("The due process clause does not require law enforcement officers to

scour about for a selection of photographs so similar in their subject matter and composition as to make subconscious influences on witnesses an objective impossibility.").

An evidentiary hearing on the suggestiveness of an identification procedure is necessary only when a defendant meets his "burden of stating 'sufficient facts which, if proven, would [] require[] the granting of the relief requested.'" United States v. Richardson, 837 F. Supp. 570, 573 (S.D.N.Y. 1993) (quoting United States v. Culotta, 413 F.2d 1343, 1345 (2d Cir. 1969)); accord United States v. Ruggiero, 824 F. Supp. 379, 396 (S.D.N.Y. 1993) (holding that there was no need for an evidentiary hearing where defendant "fail[ed] to make a threshold showing of suggestiveness").

Before conducting the above analysis, the Court notes that Patino's identification of Defendant bears a hallmark of reliability: Patino has known Defendant since childhood and is therefore unlikely to have identified him mistakenly. See Maldonado-Rivera, 922 F.2d at 973 ("The linchpin for admissibility of identification testimony is reliability."). The Court nonetheless proceeds with the required analysis.

4

Defendant argues that the photo array was unduly suggestive on the following grounds:

> [T]he photograph of defendant is highlighted from all the other photographs because it is the only one with an all white background. This makes defendant's photograph stand out and draws the eye to it more than any other in the array. In addition, the photograph of defendant stands out because he is the only individual in the array who does not have facial hair.

(Def.'s Mem. ¶ 10.) These claims are exaggerated and unconvincing.

First, the background of Defendant's photograph is not unique. Photographs 2 and 6 also have light backgrounds, meaning Defendant's photograph does not in fact "stand out" as he claims. (See Decl. of Adam Perlmutter Ex. A.) Second, the difference in facial hair among those pictured is neither striking nor suggestive. Photograph 5 – picturing the Defendant – and photograph 3 feature men with little to no facial hair; photographs 1 and 2 feature men with faint mustaches and goatees; those in photographs 4 and 6 have thicker mustaches and goatees. (Id.) These slight differences do not call attention to any one photo, particularly given the overarching similarities among those pictured, such as their skin tone, apparent ethnicity, and apparent age. See United States v. Thai, 29 F.3d 785, 809 (2d Cir. 1994) (finding no impermissible suggestiveness

where photo array depicted individuals of the same ethnicity, who were "roughly the same age," and where array had a "mixture of men with and without facial hair").

Even if the Court accepted Defendant's claims as accurate, they are nearly identical to those the Second Circuit considered and rejected in United States v. Bubar. 567 F.2d 192, 199 (2d Cir. Conn. 1977) (finding no suggestiveness where "focus and contrasts were sharper in [defendant's] photograph; . . . a narrow strip of light not in the other photographs ran across the field above [defendant's] head; and . . . [defendant's] hair was longer and darker, his moustache darker and bushier, than those of the other individuals depicted.").

## CONCLUSION

Defendant has failed to make a threshold showing that the photo array was unduly suggestive. The Court denies both his request for an evidentiary hearing and his motion to suppress the identification.

SO ORDERED.

Dated:    New York, New York
          September 23 , 2009

                              _____
                                 JOHN F. KEENAN
                              United States District Judge